WIERS *v.* SHAW-WALKER CO.

1. Master and Servant—Negligence—Notice—Defective Machinery—Warning Servant.

    In an action for personal injuries, based on defendant's neglect of duty to warn an employé of the danger of a "fly-back" from a defective planing machine, evidence was admissible to show another prior accident had occurred upon the same machine, having relation to the question of notice of the alleged defective condition.[1]

2. Same—Proximate Cause—Duty to Repair Defects.

    There was evidence tending to prove that the defect was the proximate cause of the injury, upon a record showing that the knives of the planer were improperly adjusted, that the machine did not work right, that the alleged defect had a tendency to cause a fly-back: the question was correctly left to the jury as one of fact.

[1] As to duty to warn or instruct servant, see note in 44 L. R. A. 33.

3. SAME.

And the court committed no error in submitting to the jury the question of plaintiff's inexperience and alleged notice thereof, given by him as he claimed, to the defendant, at the time of his employment.

4. SAME—APPEAL AND ERROR.

An objection, a ruling by the court, and exception in behalf of appellant, are necessary to review alleged improper argument of counsel.

Error to Muskegon; Sessions, J.   Submitted June 22, 1911.   (Docket No. 64.)   Decided July 11, 1912.

Case by John Wiers against the Shaw-Walker Company for personal injuries.   Judgment for plaintiff.   Defendant brings error.   Affirmed.

*Cross, Vanderwerp, Foote & Ross,* for appellant.

*Turner & Turner* and *James E. Sullivan,* for appellee.

McALVAY, J.   Plaintiff was employed by defendant company in April, 1910, to operate a buzz planer in the machine room of its factory which defendant owned and operated at Muskegon.   This machine room had in it 25 or 30 machines of different kinds, each run by a different operator.   While so employed, plaintiff, about a week after he began work on this machine, was injured by a board, which he was planing, flying back and permitting his left hand to get upon the knives, whereby he lost the thumb of that hand, and the first finger was permanently injured.   Plaintiff brought suit to recover for such injury, claiming that the same was caused by the defective and unsafe condition of the planer in that "the knives, while in true line with the back table of said machine, were not in line with the front table on the side opposite to the operator;" that is to say, that the knives did not run parallel with the edge of the front table, but rather obliquely with it, the knives being higher on the side opposite to the

plaintiff. Plaintiff claimed that this condition was discovered by him when he was putting, as directed by the foreman of the machinery department of defendant, another set of knives in the machine, and, not considering the machine in a safe and proper condition to work upon, notified the foreman and pointed out to him the condition of the knives, and asked him to remedy the same; that the foreman tested the machine by running several boards through it and told him it was safe, and directed him to go on with his work, and then and there promised plaintiff that, when he found time, he would fix it; that plaintiff continued his work relying upon this promise. The day following, while operating this machine, claiming to have been in the exercise of due care, he was injured as described. Plaintiff further alleged that he was inexperienced at such work and but of the age of 18 years; that he had never before operated a buzz planer, and had so informed defendant's superintendent; that he was not properly and sufficiently instructed how to operate this machine or warned of the danger attending its operation caused by material being thrown back by the knives.

The result of the trial was a verdict and judgment for the plaintiff. A motion for a new trial was made upon the grounds: That the verdict was against the weight of the evidence; that the court erred in submitting the question of the defective condition of the planer to the jury; and also that the court was in error in charging the jury as follows:

"But it is the claim of the plaintiff that he did not know, and because of lack of experience and knowledge he had no information, that there was danger of the board flying back in this case, and he says that defendant failed to warn him of that danger."

Error is assigned upon the denial of this motion, upon the introduction of certain evidence, and upon the argument of counsel.

A witness during the trial was permitted to testify relative to an injury he received on this machine, against the

objections of counsel. It is claimed that this was prejudicial error. This testimony was offered for the purpose of showing defendant's knowledge of the defective condition of the planer. That such evidence is admissible for the sole purpose of showing notice to defendant of defects, is admitted in the brief. There was considerable colloquy between counsel and court upon the question of its admissibility. The claim was made by defendant's counsel that, when in perfect condition, it was inherently a dangerous machine. The court said:

"* * * There is an allegation in the declaration as I read it that there was a failure to warn this plaintiff of the dangers incident to the operation of the machine, and that he was inexperienced. * * * The purpose of it is, as I understand it, to show that the defendant was aware that accidents of this kind had occurred prior to that time, as bearing upon the question as to whether it was the duty of the defendant to warn the plaintiff of the danger, if any danger existed."

Under the allegations of negligence in the declaration, this testimony was admissible, and the court was not in error in refusing to strike it out.

Appellant further contends that the court erred in submitting to the jury the question of the defective condition of the planer upon which plaintiff was injured, for the reason that there was no evidence in the case tending to show that such condition caused the injury. The defective condition of the machine, as alleged in the declaration, was that the knives were in true line with the bed of the back table, but were not in line with the bed of the front table, being higher above it on the side opposite to the operator. The testimony, without dispute, is that this condition would allow the knives to make a heavier and deeper cut on the side opposite to the operator, where they were higher, making the board just as much thinner at that edge as the knives projected above the bed of the table. This condition of the machine is not disputed.

It is admitted that plaintiff informed the foreman of the

machinery department of this condition of the machine, and that he looked at it, tested it, and told the plaintiff that he would fix it some other time, to go ahead with his work. The foreman describes the condition exactly as plaintiff claims it was. On cross-examination he testified that it was proper for the front bed to be in line with the back bed. He said:

"That is the best way to get the best results with the work."

He admits that the machine "was not absolutely right and ought to be fixed." The foreman also says that the danger from a fly-back is less when taking a light cut than when a heavier cut is taken. He testified:

"If the wood is pressed down just as far as it can be pressed down on the table, the knives will cut the deepest into the wood on the side where the front table is lower, and, where the front table is lower, there will be a greater tendency for the knives to kick back."

There was also testimony of a witness for the plaintiff that the condition of this machine would be apt to cause a fly-back.

We do not agree with appellant that, as a matter of law, it can be held there was no evidence in the case tending to show that this condition of the machine was the cause of the injury, but agree with the learned trial judge that there was upon that branch of the case a question of fact for the jury.

Appellant in its brief says:

"The court also submitted to the jury one other ground of negligence set forth in the declaration, namely, whether the defendant, through its agent, failed to warn the plaintiff of the danger incident to his employment, provided such warning was necessary."

Defendant claimed, and offered evidence tending to show, that, at the time of hiring plaintiff, he stated that he was 21 years old, and had operated a buzz planer. A card was produced, claimed to have been made at the

time, showing his age was entered as 21 years. Plaintiff
denies that he was asked his age or stated that he was 21.
He denies that he had operated a buzz planer; on the con-
trary, he stated that he had never run a buzz planer. He
says that he told defendant's agent that he worked around
a buzz planer as "tailer," which means taking the mate-
rial from the back of the machine after it is planed, and
piling it up. He also says that he had never heard of
boards kicking back on planers for any reason. There is
other testimony in the case tending to show that he did not
operate the machine as if he was an experienced workman.

If there had been no disagreement between the parties
as to what occurred at the time of hiring, defendant's con-
tention should have been sustained. But this sharp dis-
pute must be considered and is to be determined as a
question of fact. There was no evidence in the case tend-
ing to show that he was instructed as a green hand rela-
tive to the inherently dangerous character of this machine,
or that such machines sometimes kicked back. He was
instructed, from time to time, by the foreman, how to do
this class of work on this machine.

After stating the respective claims of the parties upon this
branch of the case, the court charged the jury as follows:

"If the plaintiff stated and represented that he had had
experience in operating a buzz planer, the defendant had
a right to rely upon such statements in employing him
and in setting him to work upon such a machine; and, if
there was nothing in his method or manner of operating
the machine or in his actions and conduct that would have
led an ordinarily prudent and careful person to believe
that he was an inexperienced man, the defendant had a
right to rely upon his statements and had the right to be-
lieve that he was an experienced man; that is, that he had
had experience in that line of work and in operating that
kind of a machine. If you find that he made such state-
ments and representations, and that the defendant,
through its foreman, actually believed that he had had ex-
perience, and that there was nothing that would lead an
ordinarily careful and prudent man to believe that he
was an inexperienced man, then this plaintiff assumed the

risks of danger ordinarily and commonly incident to the operation of such a machine. On the other hand, if you find that this plaintiff had not had experience in operating such a machine and that he so stated to the defendant, to the foreman, or superintendent of the defendant, or if you find that his manner and methods and his actions and conduct in operating the machine would have led an ordinarily prudent and careful person to believe that he had not had experience in the operation of such a machine, then he did not assume the risk of danger in the operation of such a machine or such risks as were not obvious and apparent to him in the light of his experience."

It is not contended that this charge did not correctly state the law upon the proposition, but that the court should not have submitted the question at all, for the reason that the great preponderance of the evidence was with the defendant. In our opinion, as above stated, there was a question of fact for the jury, and the court submitted it under proper instructions, and was therefore not in error in refusing to grant a new trial.

Error is assigned upon argument of counsel. The practice requiring objections to argument of counsel to be called to the attention of, and be passed upon by, the trial court, which of late this court has insisted shall be complied with, has been neglected by appellant in the instant case. There can be no exception taken (except to the charge) where no ruling has been made by the court, unless the record shows clearly that the matter was so called to the court's attention that it amounted to the same thing. This record shows that some of these objections were so presented and correctly passed upon by the court. It does not appear that the court's attention was challenged to, or opportunity given for a ruling upon, certain objectionable argument, which, if passed without correction, might have been considered by this court as prejudicial. Questions not properly raised upon the record will not be considered.

We find no error in the case. The judgment is affirmed.

MOORE, C. J., and STEERE, BROOKE, BLAIR, STONE, OSTRANDER, and BIRD, JJ., concurred.